# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LANNY REEVES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00342-SGC |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Lanny and Patricia Reeves initiated this matter by filing a complaint against State Farm Fire & Casualty Company in Jefferson County Circuit Court on January 24, 2025. (Doc. 1-1 at 3-6).[2] The lawsuit arises from the denial of the plaintiffs' claim under a home insurance policy and asserts claims for breach of contract and bad faith. State Farm timely removed on the basis of federal diversity jurisdiction. (Doc. 1). Presently pending is the plaintiffs' motion to remand. (Doc. 9). As explained below, the motion will be granted, and this matter will be remanded to the state court from which it was removed.

## I.    BACKGROUND

On April 1, 2024, a storm caused "significant hail damage" to the roof of the

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 7).
[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

plaintiffs' home in Etowah County.  (Doc. 1-1 at 4).  The plaintiffs were insured by a homeowners' policy issued by State Farm and made a timely claim, presenting a roofing contractor's repair estimate of $20,458.88.  State Farm "adjusted the claim in a cursory fashion" before denying it entirely.  (*Id.*).

On these facts, the complaint asserts claims for breach of contract and bad faith.  In addition to demanding compensatory and punitive damages, the prayer for relief seeks mental anguish damages and any further relief to which the plaintiffs may be entitled.  (Doc. 1-1 at 5-6).   The complaint does not demand a specific amount of damages.  The only monetary amount mentioned is the $20,458.88 quote for the roof repair.  Without elaborating, the complaint alleges "State Farm has a pattern and practice of lowballing or denying roofing claims and, upon information and belief, has implemented a program to reduce roof payouts without regard to the merits of the claim."  (*Id.* at 4).

State Farm removed to this court under 28 U.S.C. § 1441 on the basis of federal diversity jurisdiction.  (Doc. 1).  The notice of removal alleges complete diversity[3] and an amount in controversy over $75,000.  The Reeves responded with the instant motion to remand, challenging the amount in controversy requirement. (Doc. 9).  The motion is fully briefed and ripe for adjudication.  (Docs. 11, 14).

---

[3] The plaintiffs are Alabama citizens, and State Farm is a citizen of Illinois—the state in which it is incorporated and maintains its principal place of business.  (Doc. 1 at 3).

## II.   STANDARD OF REVIEW

A defendant may remove an action from state court to federal district court if the district court would have had original subject matter jurisdiction, including diversity jurisdiction.  28 U.S.C. § 1441(a); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).  Diversity jurisdiction exists where an action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Multiple claims by one plaintiff generally can be aggregated to satisfy the $75,000 requirement. *Andrews v. Med. Excess, LLC*, 863 F. Supp. 2d 1137, 1139 (M.D. Ala. 2012).

Federal courts, which possess limited jurisdiction, have a strict duty to exercise the jurisdiction conferred upon them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  The removing party bears the burden of demonstrating the existence of original federal subject matter jurisdiction, including proving the amount in controversy exceeds the jurisdictional minimum.  *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008);  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes an unspecified demand

for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.") (internal quotation marks and punctuation omitted).

Where a complaint does not specify the amount of damages it seeks and removal is based on diversity, a defendant is not required to incorporate into its notice of removal evidence establishing the amount in controversy requirement is met; instead, the notice need only plausibly allege it exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). If a defendant plausibly alleges the amount in controversy requirement is met, that allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. However, "[i]f the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88 (citing § 1446(c)(2)(B)). Obviously, the preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Satisfaction of the amount in controversy requirement may be apparent on the face of a complaint, even if the complaint does not seek a specific amount of damages. *Pretka*, 608 F.3d at 759. (citing *Williams*, 269 F.3d at 1319). A court may

use its reasoning and common sense in assessing whether the face of a complaint establishes the minimum jurisdictional amount.  As stated in *Roe*:

> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

613 F.3d at 1061–62 (internal quotation marks, citations, and punctuation omitted).

If not facially apparent from the complaint, a court should look to the notice of removal and other evidence to determine whether the amount in controversy exceeds the jurisdictional threshold.  *Id.*  (citing *Williams*, 269 F.3d at 1319; 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g] (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.  If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal the amount in controversy requirement is satisfied.")); *see also* 14AA FED. PRAC. & PROC. JURIS. § 3702.3 (4th ed.) (noting substantially the same).

## III.   DISCUSSION

As previously noted, the plaintiffs' motion challenges State Farm's contentions regarding the amount in controversy.  The notice of removal asserts the amount in controversy satisfies the jurisdictional threshold because: (1) each of the policy's coverages exceeds $75,000; (2) punitive damages are available in conjunction with the plaintiffs' bad faith claim; and (3)  the plaintiffs have requested compensatory, consequential, and mental anguish damages.  (Doc. 1 at 5-8; *see* Doc. 1-2).  Before addressing these arguments, a discussion of *Shepherd v. State Farm Fire & Cas. Co.*, No. 12-0580-LSC, 2012 WL 3139752 (N.D. Ala. July 30, 2012)— a case cited by State Farm in both its notice of removal and opposition to the motion to remand—is instructive.  (*See* Doc. 1 at 4-5; Doc. 11 at 4, n.3).[4]

In *Shepherd*, the plaintiff sued his insurer after it refused to pay his claim for personal property lost in a house fire.  Shepherd valued his lost property in excess of his $62,250 policy limits and demanded that amount.  The insurer assessed Shepherd's losses at $23,700.81 and paid him that amount.  Shepherd sued his

---

[4] While this opinion recites the particular dollar amounts at issue in *Shepherd*, the primary value of the decision is its framework for assessing the amount in controversy under circumstances similar to the ones presented in the instant case.  The parties here cite to a number of cases in which the treatment of punitive damages supports their positions regarding the amount in controversy. (*See* Doc. 1 at 6-7; Doc. 9 at 5, n.12; Doc. 11 at 5).  This opinion does not address all of the authority cited because the results of other cases, based on unique facts, do not satisfy the removing defendant's burden to show the jurisdictional prerequisites are satisfied.  *See Mosley v. State Farm Fire & Cas. Co.*, No. 22-0133, 2022 WL 2287927, at *2 (S.D. Ala. June 24, 2022); *Koester v. State Farm Ins. Co.*, No. 12-2528-JEO, 2012 WL 5265783, at *7 (N.D. Ala. Oct. 22, 2012)

insurer in state court, asserting claims for breach of contract and bad faith and seeking an unspecified amount of compensatory and punitive damages, as well as those for mental and emotional distress. The insurer removed on the basis of diversity, and Shepherd sought remand based on the amount in controversy.

In assessing the amount in controversy, the court in *Shepherd* began with the minimum amount of compensatory damages specified in the complaint: $38,549.19.[5]  2012 WL 3139752 at *2. Next, the court reasoned that, should it find in Shepherd's favor, an award of a roughly equal amount of mental anguish damages—$40,000—would be reasonable. *Id.* Finally, based on the allegations in the complaint, the court concluded punitive damages equal to or double the amount of compensatory damages—from $38,549.19 to $77,098.38—would be reasonable. *Id.* at 3. On the basis of this analysis, the court concluded the insurer had shown by a preponderance of the evidence that the amount in controversy exceeded $75,000. Accordingly, the court denied the motion to remand. *Id.* *Shepherd* provides a useful framework for determining the amount in controversy here, and this court has employed it in at least one other bad faith removal. *See Goozee v. State Farm Fire and Cas. Co.*, No. 24-1469-SGC, 2025 WL 1885631, at *5 (N.D. Ala. July 8, 2025) (amount in controversy established by preponderance of evidence where complaint

---

[5] The court arrived at this figure by subtracting the amount the insurer had paid on Shepherd's claim ($23,700.81) from Shepherd's policy limits demand ($62,250). *Shepherd*, 2012 WL 3139752 at *2.

specifically alleged $32,476 in damages and supported a punitive damages award ranging from one to three times that amount—$32,476 to $97,428).

Turning to the arguments presented in the instant case, the plaintiffs are correct that the policy's coverage limits do not establish the amount in controversy. (*See* Doc. 9 at 3). When "determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Lexington Ins. v. Jones*, No. 09-0223, 2009 WL 2197374, at *2 (S.D. Ala. July 22, 2009) (quotation marks omitted). Accordingly, the fact that the plaintiffs' coverages exceeds $75,000 does not satisfy the amount in controversy requirement. Instead, the starting place here is the specific amount of the repair estimate alleged in the complaint: $20,458.88. *Id.*; *see Sheppard*, 2012 WL 3139752 at *2. The complaint does not allege the plaintiffs suffered any damage to their property aside from the aforementioned roof damage. Accordingly, the question is whether State Farm has shown by a preponderance of the evidence that at least another $54,541.13[6] is in controversy by way of mental anguish damages and/or punitive damages.

Regarding mental anguish damages, Alabama law permits their award in conjunction with bad faith and claims for breach of contract in the context of damage to a home where the breach "actually caused the complaining party mental anguish

---

[6] $75,000.01 - $20,458.88 = $54,541.13.

or suffering" and "would necessarily result in emotional or mental detriment to the plaintiff." *B&M Homes, Inc. v. Hogan*, 376 So. 2d 667, 672 (Ala. 1979). In *Sheppard*, the district court reasoned that mental anguish damages were reasonable because "having your home burn, followed by your insurance company refusing to pay for the personal property you lost, is clearly stressful." *Sheppard*, 2012 WL 3139752 at *2. However, mental anguish damages are not appropriate in the absence of allegations to support them. *See Koester v. State Farm Ins. Co.*, No. 12-cv-02528-JEO, 2012 WL 5265783, at *7 (N.D. Ala. Oct. 22, 2012).

Here, the complaint alleges only that the plaintiffs' home suffered roof damage and that State Farm refused to pay their claim. Neither experiencing roof damage nor having an insurer deny the claim necessarily causes extreme emotional distress. And the complaint is devoid of allegations from which to infer the plaintiffs actually suffered emotional distress. Unlike the plaintiffs in Shepherd, who alleged a house fire destroyed their personal property, the Reeves merely allege their roof was damaged. The situation here is more similar to that of the plaintiffs in *Koester*, who suffered roof damage which eventually caused water leaks in a bedroom; there the court concluded the plaintiffs had not alleged facts showing they suffered significant emotional distress. 2012 WL 5265783 at *7. Indeed, the plaintiffs in *Koester* alleged more intrusive and disruptive damage than the plaintiffs here, who do not contend they suffered any interior leaks caused by the roof damage.

Accordingly, the complaint does not assert facts showing the plaintiffs are entitled to damages for emotional distress or mental anguish. Their theoretical availability does not satisfy the amount in controversy requirement.

Next, punitive damages, which are meant to punish and deter wrongdoing, are available here. Courts must consider punitive damages when determining the amount controversy. *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). While there is no bright-line ratio for the maximum amount of punitive damages a court can award, this court has previously concluded treble damages were reasonable. *Goozee*, 2025 WL 1885631, at *5. In *Goozee,* this court determined $32,476 in compensatory damages could support punitive damages between $32,476 and $97,428. *Id.* Based on the court's judicial experience and common sense and because the additional $42,525 needed to satisfy the amount in controversy there was "well within the lower range of that [punitive damages] estimate," the undersigned concluded the removing party had established the amount in controversy by a preponderance of the evidence. *Id.*

Here, the complaint specifically alleges the plaintiffs suffered $20,458.88 in damages. Applying the framework from *Goozee*, this amount of compensatory damages yields an estimated punitive damages range between $20,458.88 and 61,376.64.[7] Unlike in *Gozee*, the amount needed to satisfy the amount in

---

[7] $20,458.88 x 3 = $61,376.64

controversy here is not "well within the lower range of that estimate." *Gozee*, 2025 WL 1885631, at *5  Indeed, an award of all the compensatory damages the plaintiffs claim plus treble punitive damages would be necessary to push the amount in controversy across the jurisdictional threshold.[8]

State Farm contends the allegation that it has a pattern and practice of denying or underpaying roof claims supports an award of greater punitive damages.  (Doc. 11 at 7) (citing *Mosely*, 2022 WL 2287972, at *3).  In *Mosely*, the plaintiff filed a complaint asserting breach of contract and bad faith after his insurer paid $5,000 on a claim for hurricane damage the plaintiff contended exceeded $43,000.  The complaint included an allegation that the insurer had denied "hundreds of thousands of claims" on the basis of supposed "wear, tear, and mechanical breakdown." *Id.* at *4.  The court concluded this allegation showed the plaintiff sought a substantial punitive damage award which, in conjunction with the nearly $40,000 in compensatory damages at issue, satisfied the amount in controversy requirement. *Id.*

The facts of this case differ from *Mosely* in two important respects.  First, the nearly $40,000 in compensatory damages at issue in *Mosely* is almost double the $20,458.88 at issue here.  Indeed, even an award of an equal amount of punitive

---

[8] $20,458.88 x 4 = $81,835.55

damages in *Mosely* would have exceeded the jurisdictional threshold. Additionally, the pattern and practice allegation here is more conclusory than that of the plaintiff in *Mosely*, who asserted his insurer had justified denying hundreds of thousands of claims by employing the same policy exclusion for wear and tear. The Reeves's complaint merely alleges, on information and belief, that State Farm has a policy of reducing payments on roof claims. Accordingly, the pattern and practice allegation here does not satisfy the amount in controversy requirement.

## IV.    CONCLUSION

For all of the foregoing reasons, State Farm has failed to show by a preponderance of the evidence that the amount in controversy here exceeds $75,000. Accordingly, the motion to remand will be granted, and this matter will be remanded to the Jefferson County Circuit Court. The Clerk of Court is DIRECTED to **TERM** as **MOOT** the pending motion seeking an extension of time.

**DONE** this 19th day of March, 2026.

 

 

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE